```
             IN THE UNITED STATES DISTRICT COURT
            FOR THE WESTERN DISTRICT OF TENNESSEE
                        WESTERN DIVISION
_____

ASENTINEL LLC,                       )
                                     )
     Plaintiff,                      )
                                     )
v.                                   )
                                     )   No. 10-2706-D/P
THE INFO GROUP, INC.,                )
MER TELEMANAGEMENT SOLUTIONS         )
LTD. (d/b/a ANCHORPOINT),            )
MTS INTEGRATRAK, INC.,               )
CASS INFORMATION SYSTEMS, INC.,      )
and                                  )
VERAMARK TECHNOLOGIES, INC.,         )
                                     )
     Defendants.                     )
_____

                    REPORT AND RECOMMENDATION
_____
```

Before the court by order of reference is defendant Cass Information Systems, Inc.'s ("Cass") Motion to Dismiss Plaintiff's Inducement to Infringe and Contributory Infringement Claims Pursuant to Fed. R. Civ. P. 12(b)(6). (D.E. 42.) For the reasons below, it is recommended that the Motion to Dismiss be granted and the indirect patent infringement claims against Cass be dismissed. It is further recommended that, should the court adopt the recommendation to grant the Motion to Dismiss, the dismissal be without prejudice and that plaintiff Asentinel LLC ("Asentinel") be granted leave to file an amended complaint within twenty (20) days

from the date of the district court's order.

## I.  PROPOSED FINDINGS OF FACT

Asentinel is a Memphis-based corporation that develops telecommunication expense management ("TEM") technology. (First Am. Compl. ¶¶ 1, 15.)[1] According to the complaint, large national and multinational corporations purchase voice and data telecommunications services on a large scale and at significant expense, and TEM technology allows those corporations to more effectively manage their telecommunications services, which results in significant cost savings. (Id. ¶ 15.) Asentinel is the owner of two patents that involve the use of TEM technology. (Id. ¶ 18.) Specifically, Asentinel was granted United States Patent No. 7,340,422 on March 4, 2008, titled "Systems and Methods for Processing and Managing Telecommunications Invoices" ("the '422 patent"). (Id. ¶ 16.) Asentinel was granted United States Patent No. 7,805,342 on September 28, 2010, titled "Systems and Methods for Identifying and Processing Telecommunications Billing Exceptions" (the '342 patent"). (Id. ¶ 17.)

Asentinel brings this patent infringement action against Cass and other defendants, alleging the defendants, literally or under the doctrine of equivalents, directly infringed, induced others to

---

[1] Citations are to the First Amended Complaint, which was filed on March 25, 2011. (D.E. 77.) As it relates to the allegations and claims against Cass, the First Amended Complaint is identical to the original complaint.

infringe, or contributed to the infringement of, one or more of the claims of the '422 patent and '342 patent (collectively the "patents-in-suit"), in violation of 35 U.S.C. § 271(a), (b), and (c).  (Id. ¶¶ 25, 31.)  With respect to Cass, the complaint alleges, "[u]pon information and belief, Cass transacts business in this District, and elsewhere in the United States, through the sale and support of products accused of infringement to customers located in this District, or through its nationwide distribution network with the reasonable expectation that the accused products would be purchased or used by consumers in this District." (Id. ¶ 9.)  The complaint asserts, "Defendants have offered to sell, and sold, the accused products through their nationwide distribution networks with the reasonable expectation that the accused products would be purchased or used by consumers in this District." (Id. ¶ 13.)  The complaint further alleges, "Cass is a company that has been in a position to observe Asentinel's innovative and claimed technology, and it sells, *inter alia*, nControl Technology® that infringes the '422 patent and '342 patent." (Id. ¶ 22.)  The complaint claims that Asentinel has complied with the patent marking provisions of 35 U.S.C. § 287(a) and that "[d]efendants' infringement of the [patents-in-suit have] been knowing and willful," entitling Asentinel to enhanced damages pursuant to 35 U.S.C. § 285.  (Id. ¶¶ 26, 29, 32, 35.)

In its Motion to Dismiss, Cass seeks to dismiss Asentinel's

induced infringement and contributory infringement claims pursuant to Federal Rule of Civil Procedure 12(b)(6).[2]  First, Cass argues that the complaint fails to allege any third-party's direct infringement of the patents-in-suit, a prerequisite to an indirect infringement claim.  Second, in regard to Asentinel's induced infringement claim, Cass contends that the complaint fails to state any factual allegations concerning Cass's knowledge of the patents-in-suit, its knowing inducement of a third-party's direct infringement of the patents-in-suit, and its specific intent to encourage a third-party's infringement of the patents-in-suit. Third, Cass alleges that with respect to the contributory infringement claim, the complaint fails to allege Cass's knowledge that the combination for which its components were especially made was both patented and infringing, or that Cass's components have no substantial non-infringing uses.

## II.    PROPOSED CONCLUSIONS OF LAW

**A.    Rule 12(b)(6) Standard**

Federal Rule of Civil Procedure 12(b)(6) authorizes the court to dismiss a complaint for failure to state a claim upon which relief may be granted.  Fed. R. Civ. P. 12(b)(6).  Rule 12(b)(6) tests the sufficiency of the claim for relief, "and as such, it must be understood in conjunction with Rule 8(a), which sets out

---

[2]Cass does not seek dismissal of the direct infringement claims.

the federal standard for pleading." Hutchison v. Metro. Gov't of Nashville and Davidson County, 685 F. Supp. 2d 747, 748-49 (M.D. Tenn. 2010) (citing 5B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1356 (3d ed. 2004)). In reviewing the complaint, the court construes the complaint in the light most favorable to the plaintiff and must accept all well-pleaded factual allegations as true. La. Sch. Emps.' Ret. Sys. v. Ernst & Young, LLP, 622 F.3d 471, 477-78 (6th Cir. 2010). "Under Federal Rule of Civil Procedure 8(a)'s pleading standard, a plaintiff must provide 'a short and plain statement of the claim showing that [he] is entitled to relief.'" Ashland, Inc. v. Oppenheimer & Co., Inc., No. 10-5305, 2011 WL 3181277, at *3 (6th Cir. July 28, 2011). "Yet the complaint must include more than 'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action,' . . . and instead proffer 'enough facts to state a claim to relief that is plausible on its face[.]'" Id. (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 570 (2007)).

Two recent Supreme Court cases address the standard for testing the sufficiency of a complaint under Rule 12(b)(6). In Twombly, the Court held that in order to survive a motion to dismiss, a complaint must contain sufficient factual matter "to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. The Court explained that "[w]hile a complaint . . . does not need detailed factual allegations . . . , a

plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, . . . Factual allegations must be enough to raise a right of relief above the speculative level."[3] Id. at 555. In Ashcroft v. Iqbal, 129 S. Ct. 1937 (2009), the Court explained:

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

Iqbal, 129 S. Ct. at 1949 (internal citations omitted). Iqbal established a two-pronged analysis for courts to employ in evaluating the sufficiency of a complaint. First, the court must distinguish factual allegations, which the court must accept as true for purposes of a Rule 12(b)(6) motion to dismiss, from "legal conclusion[s] couched as factual allegation[s]," which the court "is not bound to accept as true." Id. at 1949-50. Second, the court must determine whether the factual allegations give rise to

---

[3]In Twombly, the issue was "what a plaintiff must plead in order to state a claim under § 1 of the Sherman Act." Twombly, 550 U.S. at 554-55. The Court concluded that in order to sustain a § 1 claim, "an allegation of parallel conduct and a bare assertion of conspiracy will not suffice . . . . [A] naked assertion of conspiracy in a § 1 complaint . . . gets the complaint close to stating a claim, but without some further factual enhancement it stops short of the line between possibility and plausibility of 'entitle[ment] to relief.'" Id. at 556, 557.

a facially plausible claim for relief.  Id. at 1950.  "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'"  Id. at 1949.  This plausibility determination will be "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  Id.; see also Courie v. Alcoa Wheel & Forged Prods., 577 F.3d 625, 629-30 (6th Cir. 2009) (stating that granting a motion to dismiss is appropriate where a claim "while not utterly impossible, [is] 'implausible'").

**B.   Applying Twombly and Iqbal to Indirect Patent Infringement Claims**

Since Twombly and Iqbal, the district courts have been split on the appropriate standard to apply when deciding whether a complaint alleging induced infringement or contributory infringement (i.e. indirect infringement) survives a Rule 12(b)(6) motion to dismiss.  Several courts have held that an indirect infringement claim is sufficiently pled so long as it follows Form 18 of Federal Rule of Civil Procedure 84, which only requires: (1) an allegation of jurisdiction; (2) a statement that the plaintiff owns the patent; (3) a statement that the defendant has been infringing the patent by making, selling, and using the device embodying the patent; (4) a statement that the plaintiff has given the defendant notice of its infringement; and (5) a demand for an

injunction and damages.[4]  See, e.g., Sony Corp. v. LG Elecs. U.S.A., Inc., 768 F. Supp. 2d 1058, 1063 (C.D. Cal. 2011); Tune Hunter Inc. v. Samsung Telecomms. Am., LLC, No. 2:09-cv-148-TJW, 2010 WL 1409245, at *4 (E.D. Tex. Apr. 10, 2010); Mesh Comm, LLC v.

---

[4]Form 18 is a sample patent infringement complaint and contains the following paragraphs:

1. (Statement of Jurisdiction – See Form 7.)

2. On *date*, United States Letters Patent No. _____ were issued to the plaintiff for an invention in an *electric motor*.  The plaintiff owned the patent throughout the period of the defendant's infringing acts and still owns the patent.

3. The defendant has infringed and is still infringing the Letters Patent by making, selling, and using *electric motors* that embody the patented invention, and the defendant will continue to do so unless enjoined by this court.

4. The plaintiff has complied with the statutory requirement of placing a notice of the Letters Patent on all *electric motors* it manufactures and sells and has given the defendant written notice of the infringement.

Therefore, the plaintiff demands:

(a) a preliminary and final injunction against the continuing infringement;

(b) an accounting for damages; and

(c) interest and costs.

(Date and sign – See Form 2.)

Fed. R. Civ. P. 84, A'ppx of Forms, Form 18.  Rule 84 states, "[t]he forms in the Appendix suffice under these rules and illustrate the simplicity and brevity that these rules contemplate."

EKA Sys., Inc., No. 09-cv-1064, 2010 WL 750337, at *1-2 (M.D. Fla. Mar. 4, 2010); Rambus, Inc. v. NVIDIA Corp., No. 08-cv-3343, 2008 WL 4911165, at *3-4 (N.D. Cal. Nov. 13, 2008); FotoMedia Techs., LLC v. AOL, LLC, No. 07-cv-255, 2008 WL 4135906, at *1-2 (E.D. Tex. Aug. 29, 2008); CBT Flint Partners, LLC v. Goodmail Sys., Inc., 529 F. Supp. 2d 1376, 1380 (N.D. Ga. 2007).[5]

Other courts have held that indirect infringement claims must meet the pleading standards announced in Twombly and Iqbal. See, e.g., Air Vent, Inc. v. Owens Corning Corp., No. 02:10-cv-01699, 2011 WL 2601043, at *4-6 (W.D. Pa. June 30, 2011); Aguirre v. Powerchute Sports, LLC, No. SA-10-CV-0702 XR, 2011 WL 2471299, at *3 (W.D. Tex. June 17, 2011); Trading Techs. Int'l, Inc. v. BCG Partners, Inc., Nos. 10 C 715 et al, 2011 WL 1706136, at *1, 3 (N.D. Ill. May 5, 2011); Oy Ajat, Ltd. v. Vatech Am., Inc., No. 10-4875, 2011 WL 1458052, at *2-5 (D.N.J. Apr. 14, 2011); Optigen, LLC v. Int'l Genetics, Inc., Nos. 5:09-CV-0006, 5:09-CV-0457, 2011 WL 841506, at *11-12 (N.D.N.Y. Mar. 8, 2011); IpVenture, Inc. v. Cellco P'ship, No. C 10-04755, 2011 WL 207978, at *3 (N.D. Cal. Jan. 21, 2011); Tech. Licensing Corp. v. Technicolor USA, Inc., No. 2:03-1329, 2010 WL 4070208, at *2-3 (E.D. Cal. Oct. 18, 2010); Anticancer, Inc. v. Fujifilm Med. Sys. U.S.A., Inc., 745 F. Supp. 2d 1165, 1170 (S.D. Cal. 2010); Xpoint Techs., Inc. v. Microsoft

---

[5]Where multiple opinions have been authored by the same judge, only one case from that judge has been included in this list of cases.

Corp., 730 F. Supp. 2d 349, 356-57 (D. Del. 2010); Halton Co. v. Streivor, Inc., No. C 10-00655, 2010 WL 2077203, at *3 (N.D. Cal. May 21, 2010); In re Bill of Lading Transmission and Processing Sys. Patent Litig., 695 F. Supp. 2d 680, 688 (S.D. Ohio 2010); Sharafabadi v. Univ. of Idaho, No. C09-104JLR, 2009 WL 4432367, at *4-5 (W.D. Wash. Nov. 27, 2009); Mallinckrodt, Inc. v. E-Z-EM Inc., 670 F. Supp. 2d 349, 354 (D. Del. 2009); Elan Microelecs. Corp. v. Apple, Inc., No. C09-01531 RS, 2009 WL 2972374, at *2 (N.D. Cal. Sept. 14, 2009).[6]

Upon review of the case law, the court agrees with the cases requiring that indirect infringement claims satisfy the pleading standards announced in Twombly and Iqbal. First, Form 18 appears to apply only to direct infringement claims, and the Federal Rules of Civil Procedure do not provide an analogous form for indirect infringement claims. See Sharafabadi, 2009 WL 4432367, at *3; Elan Microelecs., 2009 WL 2972374, at *2. "Both types of indirect infringement include additional elements, none of which Form 18 even purports to address. In the absence of any other form that addresses indirect infringement and is made binding on the courts through Rule 84, the Court must apply the teachings of Twombly and Iqbal." Elan Microelecs., 2009 WL 2972374, at *2. Second, to the extent courts have relied on the Federal Circuit's post-Twombly decision in McZeal v. Sprint Nextel Corp., 501 F.3d 1354 (Fed. Cir.

---

[6]See footnote 5.

2007), to support the application of Form 18 to indirect infringement claims, McZeal involved a *pro se* plaintiff who brought a direct infringement claim.[7] McZeal did not address the applicability of Form 18 to indirect infringement claims. Moreover, McZeal was decided before Iqbal. See Technicolor USA, 2010 WL 4070208, at *2 ("No adequate justification exists for holding indirect infringement claims, which contain additional elements not found in direct infringement claims, to the standard of McZeal and Form 18. Thus, the general principles of Twombly and Iqbal must be applied to indirect infringement claims.") (internal footnotes omitted). The court concludes that it must apply the principles announced in Twombly and Iqbal in analyzing Asentinel's indirect infringement claims.

### C. Plausibility of Asentinel's Indirect Infringement Claims

Turning now to the sufficiency of the indirect infringement claims in Asentinel's complaint, the court must first examine the complaint to separate the factual allegations from the legal conclusions. Construing the complaint in the light most favorable to Asentinel, the complaint at best alleges only the following facts: (1) Asentinel owns the patents-in-suit; (2) Asentinel has

---

[7] The majority in McZeal considered plaintiff's *pro se* status in their examination of the sufficiently of his complaint. Id. at 1356 ("Where, as here, a party appeared *pro se* before the trial court, the reviewing court may grant the *pro se* litigant leeway on procedural matters, such as pleading requirements. Indeed, the Supreme Court has recognized this less demanding standard.") (citing Hughes v. Rowe, 449 U.S. 5, 9 (1980)).

complied with the patent marking provisions of 35 U.S.C. § 287(a); (3) Cass "has been in a position to observe Asentinel's innovative and claimed technology"; (4) Cass sells nControl Technology®, which infringes the patents-in-suit; and (5) Cass sells and provides support for nControl Technology® to customers located in this District.

Next, the court must determine whether the factual allegations give rise to a facially plausible claim for induced infringement or contributory infringement. Section 271(b) provides that "[w]hoever actively induces infringement of a patent shall be liable as an infringer." 35 U.S.C. § 271(b). There are four elements of a *prima facie* case of an induced infringement claim: "(1) a direct infringement by the induced party; (2) the inducer had knowledge of the asserted patent; (3) the inducer 'possessed specific intent [and] not merely . . . knowledge of the acts alleged' to induce; and (4) active inducement of the direct infringement." Air Vent, 2011 WL 2601043, at *4 (citing Medtronic Vascular, Inc. v. Boston Scientific Corp., 348 F. Supp. 2d 316, 323 (D. Del. 2004)); see also Vita-Mix Corp. v. Basic Holding, Inc., 581 F.3d 1317, 1328 (Fed. Cir. 2009). The Federal Circuit has stated that "[i]ntent can be shown by circumstantial evidence, but the mere knowledge of possible infringement will not suffice." Vita-Mix Corp., 581 F.3d at 1328 (citing DSU Med. Corp. v. JMS Co., 471 F.3d 1293, 1305-06 (Fed. Cir. 2006) (en banc in relevant part)). "'The plaintiff has

the burden of showing that the alleged infringer's actions induced infringing acts and that he knew or should have known his actions would induce actual infringements.'" DSU Med. Corp., 471 F.3d at 1304 (quoting Manville Sales Corp. v. Paramount Sys., Inc., 917 F.2d 544, 554 (Fed. Cir. 1990)). "The requirement that the alleged infringer knew or should have known his actions would induce actual infringement necessarily includes the requirement that he or she knew of the patent." Id. "[I]nducement requires 'that the alleged infringer knowingly induced infringement and possessed specific intent to encourage another's infringement.'" Id. at 1306 (internal quotation marks omitted) (quoting MEMC Elec. Materials, Inc. v. Mitsubishi Materials Silicon Corp., 420 F.3d 1369, 1378 (Fed. Cir. 2005)). "Accordingly, inducement requires evidence of culpable conduct, directed to encouraging another's infringement, not merely that the inducer had knowledge of the direct infringer's activities." Id. (citing Metro-Goldwyn-Mayer Studios, Inc. v. Grokster, 125 S. Ct. 2764, 2780 (2005)). "[A] complaint stating a claim for inducement must allege requisite knowledge and intent." Xpoint Techs., 730 F. Supp. 2d at 356 (citation omitted).

The elements of a *prima facie* case of contributory infringement under 35 U.S.C. § 271(c) include: "'(1) an offer to sell, sale, or import; (2) a component or material for use in a patented process constituting a material part of the invention; (3) knowledge by the defendant that the component is especially made or

especially adapted for use in an infringement of such patent; and (4) the component is not a staple or article suitable for substantial noninfringing use.'" Air Vent, 2011 WL 2601043, at *5 (quoting Oxford Gene Tech. Ltd. v. Mergen Ltd., 345 F. Supp. 2d 444, 465 (D. Del. 2004)); see also Lucent Techs., Inc. v. Gateway, Inc., 580 F.3d 1301, 1320 (Fed. Cir. 2009); In re Bill of Lading, 695 F. Supp. 2d at 686.  Moreover, a claim for contributory infringement requires direct infringement by a third-party. Air Vent, 2011 WL 2601043, at *6 (citing Mallinckrodt, 670 F. Supp. 2d at 353). "Contributory infringement liability generally ensures that a product's maker does not escape all infringement liability because the product itself is incorporated into another product that does infringe." In re Bill of Lading, 695 F. Supp. 2d at 686. "At a minimum, . . . [a contributory infringement complaint] must allege that Defendants' products are 'especially designed' to be used by others to infringe, and that those products lack substantial noninfringing uses." Id.

As discussed above, claims for induced infringement and contributory infringement cannot exist in the absence of direct infringement by third-parties. See Cross Med. Prods., Inc. v. Medtronic Sofamor Danek, Inc., 424 F.3d 1293, 1312 (Fed. Cir. 2005) (third-party direct infringement is a prerequisite to a contributory infringement claim); Alloc, Inc. v. Int'l Trade Comm'n, 342 F.3d 1361, 1374 (Fed. Cir. 2003) (third-party direct

infringement is a prerequisite to an induced infringement claim); Air Vent, 2011 WL 2601043, at *4 (claims for induced infringement and contributory infringement cannot exist in the absence of direct infringement by a third-party); Duhn Oil Tool, Inc. v. Cooper Cameron Corp., No. CV-F-05-1411 OWW GSA, 2010 WL 2354411, at *2 (E.D. Cal. June 9, 2010) (third-party direct infringement must be pled in order to state a claim for indirect infringement) (collecting cases).  Asentinel's complaint does not identify any infringement of the patents-in-suit by third-parties as a result of Cass's activities.  Asentinel's complaint "does not aver any facts as to why or how such purchasers or users would be direct infringers."  Air Vent, 2011 WL 2601043, at *4 (dismissing indirect infringement claims partly because complaint failed to plead facts to show third-party direct infringement).

In addition, the limited factual allegations in the complaint do not allow the court to draw a reasonable inference that Cass is liable for induced or contributory infringement.  The court cannot reasonably infer that Cass had knowledge of the patents-in-suit from the allegation that Cass "has been in a position to observe Asentinel's innovative and claimed technology."  See Mallinckrodt, 670 F. Supp. 2d at 354 (concluding that complaint did not allege that defendants had knowledge of plaintiff's patent and that facts in complaint did not reasonably infer that defendants possessed such knowledge).  The court is not even sure what "in a position to

observe Asentinel's innovative and claimed technology" means. Moreover, the court cannot reasonably infer that Cass specifically intended to encourage its customers to infringe the patents-in-suit based on the allegation that Cass sells and provides support for its nControl Technology® to its customers. See In re Bill of Lading, 695 F. Supp. 2d at 684-86 (finding that plaintiff failed to plausibly allege requisite specific intent for induced infringement claim where complaint alleged that defendants marketed and sold infringing products to customers and that customers used defendants' products in a manner that infringed plaintiff's method patent). Finally, as to Asentinel's contributory infringement claim, the complaint does not mention - much less allege facts to support a reasonable inference – that Cass's product is "especially designed" to be used by others to infringe, that Cass had knowledge of such use, or that the product lacks substantial noninfringing uses. Id. at 686-87 (dismissing contributory infringement claims because "the complaints do not allege that any Defendant especially designed their product for infringing use by others or any facts demonstrating Defendants' knowledge of such use" and do not contain the affirmative allegation of the absence of such noninfringing uses, which is "a key element of contributory infringement").

### III.  RECOMMENDATION

For the reasons above, it is recommended that the Motion to Dismiss be granted and the indirect patent infringement claims

against Cass be dismissed.

In its response in opposition to the Motion to Dismiss, Asentinel requests leave of court to file an amended complaint, should the court decide to grant the Motion to Dismiss.  (Pl.'s Resp. at 11 n.6.)  Pursuant to Federal Rule of Civil Procedure 15(a), which authorizes the court to freely grant leave to amend when there is no "undue delay, bad faith, or dilatory motive on the part of the movant," Foman v. Davis, 371 U.S. 178, 182 (1962), it is further recommended that, should the court adopt the recommendation to grant the Motion to Dismiss, the dismissal be without prejudice and that Asentinel be granted leave to file an amended complaint within twenty (20) days from the date of the district court's order, setting forth indirect infringement claims that satisfy the Twombly and Iqbal standards.

Respectfully submitted,

s/ Tu M. Pham
TU M. PHAM
United States Magistrate Judge

August 3, 2011
Date

**NOTICE**

**ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT MUST BE FILED WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THE REPORT. 28 U.S.C. § 636(b)(1)(C).  FAILURE TO FILE THEM WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND ANY FURTHER APPEAL.**